SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
Assistant United States Attorney
William.McLaren@usdoj.gov
405 East 8th Ave., Suite 2400
Eugene, OR 97401
Telephone: (541) 233-8348
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:25-cr-00382-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **GINO JORDAN HINOJOS-CASTLE,** | |
| **Defendant.** | **Sentencing: June 3, 2026 at 2:00 p.m.** |

Defendant Gino Jordan Hinojos Castle, 32, distributed, transported and possessed child

sex abuse material (CSAM) along with a host of selfies taken with very young children.

Worse, he sought sexual imagery from a purported 14-year-old, bragged about meeting a

separate 14-year-old for sex in a park some years back, and talked about meeting a 13-year-old

in the park and having nightly sex with her.

To assign accountability and protect children, the parties jointly recommend a sentence of

144 months' imprisonment and restitution for the victims depicted in Mr. Hinojos-Castle's

CSAM collection. The government also recommends a ten-year term of supervised release.

**Government's Sentencing Memorandum**

## BACKGROUND

The facts are accurately set forth in paragraphs 21 through 39 of the Presentence Investigation Report ("PSR"), which are incorporated herein by reference

### A.    Investigation

In August 2024, a Kik user named "drbigload" sent CSAM[1] to a subject in Oklahoma City.  The other individual sent CSAM to drbigload.  PSR ¶ 21.  The FBI subpoenaed Kik, Google, Comcast, and AT&T, then obtained a Kik search warrant in April 2025.  PSR ¶ 23. From those returns, the FBI determined that "drbigload" was Mr. Hinojos-Castle, who lived in the Friendly Neighborhood in Eugene, Oregon.

The investigation revealed Mr. Hinojos-Castle's known CSAM distribution events date back to June 2024 and continue through July 2025, both in Oregon and Wyoming.  The earliest known instance of CSAM receipt was the exchange with the Oklahoma City subject mentioned above.  Beyond that, the Kik search warrant returns reflected Mr. Hinojos-Castle's messages to other users contained requests for CSAM.  This included the exchange with the purported 14-year-old[2] in which Mr. Hinojos-Castle requested that user put on certain undergarments and show particular poses.  *See* PSR ¶ 26.  There were also messages with the father of another younger minor in which Mr. Hinojos-Castle requested sexually explicit imagery.  PSR ¶ 30.

---

[1]    The government elects to use the term CSAM when describing the material given that term's preferred parlance amongst victim advocates, NGOs, and law enforcement entities dedicated to child sex abuse prevention and enforcement.  *See* INHOPE, *Child Sex Abuse Material vs Child Porn* (May 19, 2023, last accessed Aug. 7, 2025), *available at* https://inhope.org/EN/articles/child-sexual-abuse-material-vs-child-porn.  For all intents and purposes, unless noted otherwise, any mention of CSAM refers to material that meets the legal definition of "child pornography," as that term is defined at 18 U.S.C. § 2256(8).

[2]    Investigators could not determine the actual identity of this user.  They are described as "purported" because they indicated this age to Mr. Hinojos-Castle.

**Government's Sentencing Memorandum**                                              **Page 2**

### B.    Mentions of Sexual Abuse of Minors

In addition to his CSAM activity, Mr. Hinojos-Castle told others he had sexually abused multiple children.  In June 2024, he sent a user the following message: "I was fucking this 14 yr old when I was 22 we'd meet in the park . . . ."  Mr. Hinojos-Castle's age at the time of sending that message was 32, indicating the abuse he discussed occurred ten years prior.  Separate from that, he sent a user the following in November 2024: "Mmm makes me miss the 13 yr old I was fucking a few years back meet smoking in the park and then head became a nightly fuck sesh." PSR ¶ 31.  In his messages, Mr. Hinojos-Castle mentioned the Friendly Park in Eugene five separate times.  He also lived less than half a mile from there.

### C.    Transportation of CSAM

In July 2025, agents obtained a warrant to search Mr. Hinojos-Castle's person, luggage, and premises.  Agents intercepted Mr. Castle on July 24, 2025, at the Eugene airport as he was returning from a trip to Wyoming.  They seized his phone and interviewed him.  PSR ¶ 34.  He admitted to being "drbigload" and having used Kik.  PSR ¶ 36.  Mr. Hinojos-Castle initially denied having sent CSAM but ultimately admitted having "forwarded" it after agents confronted him with the evidence gleaned from the Kik returns.  *Id.*  With respect to the 14-year-old, Mr. Hinojos-Castle claimed he was "trolling," and assumed he was talking to an adult.  PSR ¶ 37.

Agents seized Mr. Hinojos-Castle's cell phone pursuant to the warrant and found CSAM, CSAM-related chat applications, and troubling photographs including selfies with young children.  Agents interviewed family members and learned Mr. Hinojos-Castle does not have immediate preadolescent relatives.  They determined the children are likely those of his friends.

### D.    Departure from the District of Oregon and Arrest

The week of August 4, 2025, agents learned from social media activity that Mr. Hinojos-Castle made new travel plans on August 7, 2025, just two weeks after his return flight and the search warrant served on July 24, 2025.  Agents queried airline databases and determined Mr. Hinojos-Castle purchased a one-way ticket from Oregon to Wyoming.

On August 6, 2025, the Court authorized a complaint and arrest warrant charging Mr. Castle with one count of Transportation of Child Pornography, four counts of Distribution of Child Pornography, one count of Receipt of Child Pornography, and one count of Possession of Child Pornography.  Mr. Hinojos-Castle was arrested at the Eugene airport on the morning of August 7, 2025.  He was thereafter indicted by a grand jury on January 28, 2026.

### THE CHARGES AND GUIDELINES COMPUTATIONS

Mr. Hinojos-Castle pleaded guilty to Count One of the indictment in this case, attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).  The government will move at the time of sentencing to dismiss the remaining charges, Counts Two through Six.

Count One carries a mandatory minimum sentence of 10 years' imprisonment and up to lifetime imprisonment, a term of supervised release not less than five years' and up to life, a fine of up to $250,000, and a $100 fee assessment.

The guidelines are accurately set forth in the PSR at ¶¶ 45–55 and are consistent with those agreed-upon by the parties in the plea agreement at ¶ 8.  Further, based on Mr. Hinojos-Castle's early acceptance of responsibility, the government is extending a recommendation for an additional 3-level downward variance, as described in the plea agreement at ¶ 9.  The guidelines are outlined below for ease of reference:

**Government's Sentencing Memorandum**                                    **Page 4**

| Count 1: 18 U.S.C. § 2422(b) – Attempted Enticement of a Minor | | |
|---|---|---|
| USSG §2G2.1(a) | Base Offense Level | 32 |
| USSG §2G2.1(b)(1)(A) | Minor under twelve | +4 |
| USSG §2G2.1(b)(6)(B)(i) | Use of computer | +2 |
| USSG § 3E1.1(a) and (b) | Acceptance of responsibility | -3 |
| 18 U.S.C. § 3553(a) | Early resolution variance | -3 |
| | **Adjusted Offense Level** | **32** |

A Total Offense Level of 32 and a Criminal History Category of I results in an advisory guideline range of 121-151 months' imprisonment. Based on the parties' negotiations and considering the factors set forth in 18 U.S.C. § 3553(a), the parties jointly recommend a sentence of 144 months' imprisonment, which falls toward the high end of the resulting guidelines range.

## RESTITUTION

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). Under that statute, each victim that makes a restitution request must receive at least $3,000 in restitution. To date, the government has received requests from various series victims, as laid out in the PSR at ¶ 41.

Given Mr. Hinojos-Castle's lack of assets and unemployment at the time of the offenses and arrest, balanced against his choice to trade in imagery depicting these victims' suffering, the parties respectfully stipulate to a restitution award of $3,000 to each self-identified series victim.[3]

---

[3] The government has compiled the requests, provided them to defense, and is preparing a proposed Appendix A to append to the Court's Statement of Reasons. This will provide the series victim's pseudonym, the name of the child pornography series with which they are associated, a memo line for any restitution payment, and the addressee for such payments.

**Government's Sentencing Memorandum**                                                    **Page 5**

**DISCUSSION**

Gino Hinojos-Castle's unlawful conduct was as sweeping and disturbing. His dedication to sending, receiving, and flying with CSAM is enough to warrant consequences. But his apparent coaching of a purported child to put on certain garments and send him various poses far surpasses that activity. Whether he was being truthful when boasting of various sexual encounters with minors, Mr. Hinojos-Castle's online activity demonstrated his clear sexual interest in children, his casual dealing in depictions of their victimization, and his willingness to encourage others to make and send him more.

Mr. Hinojos-Castle's early acceptance of responsibility is to be commended, so too is his choice to agree to a substantial sentence relative to his criminal history. He presents with some substance abuse issues, PSR ¶¶ 87–89, but he otherwise has little explanation for his choices. Unlike those who find themselves in a cycle of sexual abuse and choose to perpetuate that which was visited upon them in their childhood, Mr. Hinojos-Castle does not report similar abuse. Instead, he found his own way to the online sexual abuse of children, circulating victimization, and bragging about sex with minors in parks.

Mr. Hinojos-Castle's minimal criminal history and early acceptance merit temperance. His choices to prey on children and perpetuate their suffering merit consequences. The parties' recommended sentence of 144 months will protect the community from Mr. Hinojos-Castle's willingness to act on his sexual interest in children. It is a sentence that is sufficient to hold him accountable, but it is not greater than necessary. Following his custodial sentence, the government respectfully recommends a ten-year term of supervision to facilitate Mr. Hinojos-Castle's rehabilitation and promote continued accountability to the Court.

**Government's Sentencing Memorandum**                                      **Page 6**

**CONCLUSION**

Based on the foregoing, the government respectfully requests that the Court impose the parties' jointly recommended sentence of 144 months' imprisonment. Additionally, the government recommends a five-year term of supervision and a $100 fee assessment as well as restitution for the identified series victims in the amount of $3,000 each.

Dated: May 27, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *William M. McLaren*
WILLIAM M. McLAREN, OSB #143836
Assistant United States Attorney

**Government's Sentencing Memorandum** **Page 7**